**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

MARLIECIA BENDER,

    Plaintiff,

       v.

URBAN OUTFITTERS, INC.,

    Defendant.

         CV 118-054

---

**O R D E R**

---

Before the Court are the following motions: (1) Defendant's Motion to Compel Arbitration and Stay Action (Doc. 27); (2) Plaintiff's Motion to Dismiss Compel Arbitration and Stay Action (Doc. 29); and Plaintiff's Motion for Arbitration (Doc. 32).

On August 10, 2018, Defendant Urban Outfitters, Inc. ("Defendant") filed its motion to compel arbitration citing to a certain "Mutual Arbitration Agreement." Defendant contends Plaintiff Marliecia Bender ("Plaintiff") executed the agreement. Defendant also requests that the Court stay this case pending arbitration.

In response, Plaintiff, acting *pro se*, filed her motion seeking to dismiss Defendant's motion to compel arbitration. Plaintiff's motion to dismiss Defendant's motion to compel arbitration is more properly interpreted as a response in opposition to Defendant's motion. See S.E.C. v. Elliot, 953 F.2d 1560, 1582 (11th Cir. 1992) ("When interpreting . . . pro se

papers, the Court should use common sense to determine what relief the party desires."). But after filing her motion to dismiss, Plaintiff filed her own Motion for Arbitration stating, "I, Marliecia Bender, will go to arbitration." Plaintiff, therefore, expressly consents to arbitration, and the Court determines arbitration is proper.[1]

Accordingly, it **IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration and Stay Action (Doc. 27) is **GRANTED,** Plaintiff's Motion to Dismiss Compel Arbitration and Stay Action (Doc. 29) is **DENIED,** and Plaintiff's Motion for Arbitration (Doc. 32) is **DENIED AS MOOT.** The arbitrating parties **SHALL** file a joint status report with the Court on the progress of the proceedings every **NINETY (90) DAYS** until the arbitration is resolved. The Court further **DIRECTS** the Clerk to **CLOSE** this case for statistical purposes. Either party may move to reopen the case at an appropriate time.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of October, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "[T]he FAA creates a presumption in favor of arbitrability; so, parties must clearly express their intent to exclude categories of claims from their arbitration agreement." Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000). Unless excluded in the parties' agreement, Title VII and retaliation claims are generally arbitrable. Id. at 1221-24. The Mutual Arbitration Agreement does not expressly exclude Title VII or retaliation claims. (Doc. 27-1, ¶ 3.)